STATE *v.* ALLEN.

(In Banc.   Oct. 28, 1946.)

[27 So. (2d) 695.   No. 36172.]

**Greek L. Rice**, Attorney General, by **W. B. Fontaine**, Assistant Attorney General, for appellant.

Roy J. Goss, of Columbia, for appellee.

Argued orally by **W. B. Fontaine**, for appellant, and by **Roy J. Goss**, for appellee.

**Alexander, J.**, delivered the opinion of the Court.

Appellee filed her bill against the State to confirm its tax patent to the following lands in Marion County: SE¼ of SW¼ of Section 1, Township 1 North, Range 13 East. Code 1942, Section 1315. The answer of the State set up as a defense only the alleged failure of the applicant for its purchase to swear to the facts stated in the application. See Code 1942, Section 4079. The answer was made a cross-bill praying cancellation of the patent. Appellee obtained title by mesne conveyance from the patentee whose patent was dated August 18, 1936.

The latter statute requires ''Each such application shall be properly sworn to before an officer authorized to administer oaths.'' No fraud or misrepresentation is alleged. The fact of the oath was the sole issue.

Upon the record shown by the testimony, the chancellor was justified in finding that the applicant did make oath thereto. The application, however, does not show the jurat of the notary. The statute does not specifically re-

quire that such attestation be a prerequisite, although of course its execution by the Land Commissioner ought to have been effected by him as conclusive evidence of the fact of the oath. The fact that the answers elicited by the application were sworn to in fact meets the requirements of the statute. That which was omitted to be done rested upon the State's officer and agent. It may not be charged against the patentee nor his grantee. Dunlap v. Clay, 65 Miss. 454, 4 So. 118; Hartsell v. Myers, 57 Miss. 135; Atwood v. State, 146 Miss. 662, 111 So. 865, 51 A. L. R. 836.

We find it unnecessary to consider whether Code 1942, Sections 1317 and 1321, would validate the patent despite the omission of the Land Commissioner.

Affirmed.