## PETERSON v. SALT LAKE CITY.

No. 7419. Decided August 24, 1950. (221 P. 2d 591)

See 63 C. J. S., Municipal Corporations, Sec. 925. Claims against munici- palities, procedure required, 148 A. L. R., 626. See, also, 38 Am. Jur. 381.

*Edward W. Clyde, E. LeRoy Shields* and *Jed W. Shields,* all of Salt Lake City, for appellant.

*E. R. Christensen, Homer Holmgren, A. Pratt Kesler,* all of Salt Lake City, for respondent.

WOLFE, Justice.

Action by the appellant to recover damages for personal injuries sustained by her when she fell on a sidewalk in Salt Lake City, allegedly due to a defect in the pavement. Within thirty days after the accident occurred, she filed a claim for damages with the Board of Commissioners of Salt Lake City. The claim, however, was not verified as required by Section 15—7—76, Utah Code Annotated 1943.

When the claim was not allowed by the Board of Commissioners, the appellant commenced this action. After the court below had sustained demurrers to both the appellant's original and amended complaint, the appellant, over six months after the accident occurred, filed with the Board of Commissioners what she denominated an "amended claim". This "amended claim" was practically identical to the appellant's original claim except that it contained a verification by the appelant. Thereafter the appellant filed a second amended complaint to which a demurrer by the respondent was again sustained. One of the grounds of the sustension of the demurrer was that the appellant had failed to present a claim in the form prescribed by statute to the Board of Commissioners within thirty days after the happening of the accident. From a judgment dismissing her action, the appellant prosecutes this appeal.

It is conceded by the appellant that by statute and prior decisions of this court, it was incumbent upon her as a condition precedent to the maintenance of the action against Salt Lake City to file a claim for damages with the Board of Commissioners within thirty days after she sustained her injury. *Hurley* v. *Town of Bingham,* 63 Utah 589, 228 P. 213. She further concedes that under the law of this state until she verified her claim she could not maintain an action against the respondent. *Hamilton* v. *Salt Lake City,* 99 Utah 362, 106 P. 2d 1028. The question which divides the parties is whether there has been compliance with the statutes when an unverified claim is filed within thirty days and the claim is thereafter amended by adding a verification thereto. The answer to that question lies in the construction of the following two statutes. Section 15—7—76, U. C. A. 1943, provides:

"Every claim against a city or incorporated town for damages or injury alleged to have been caused by the defective, unsafe, dangerous or obstructed condition of any street, alley, crosswalk, sidewalk, culvert or bridge of such city or town, or from the negligence of the city or town au-

234

thorities in respect to any such street, alley, crosswalk, sidewalk, culvert or bridge, shall within thirty days after the happening of such injury or damage be presented to the board of commissioners or city council of such city, or board of trustees of such town, in writing, signed by the claimant or by some person authorized to sign the same, and properly verified, stating the particular time at which the injury happened, and designating and describing the particular place in which it occurred, and also particularly describing the cause and circumstances of the injury or damages, and stating, if known to claimant, the name of the person, firm or corporation, who created, brought about or maintained the defect, obstruction or condition causing such accident or injury, and the nature and probable extent of such injury, and the amount of damages claimed on account of the same; such notice shall be sufficient in the particulars above specified to enable the officers of such city or town to find the place and cause of such injury from the description thereof given in the notice itself without extraneous inquiry, and no action shall be maintained against any city or town for damages or injury to person or property, unless it appears that the claim for which the action was brought was presented as aforesaid, and that such governing body did not within ninety days thereafter audit and allow the same. Every claim, other than claims above mentioned, against any city or town must be presented, properly itemized or described and verified as to correctness by the claimant or his agent, to the governing body within one year after the last item of such account or claim accrued, and if such account or claim is not properly or sufficiently itemized or described or verified, the governing body may require the same to be made more specific as to itemization or description, or to be corrected as to the verification thereof."

## Section 15—7—77, U. C. A. 1943, provides:

"It shall be a sufficient bar and answer to any action or proceedings against a city or town in any court for the collection of any claim mentioned in section 15—7—76, that such claim had not been presented to the governing body of such city or town in the manner and within the time specified in section 15—7—76; provided, that in case an account or claim, other than a claim made for damages on account of the unsafe, defective, dangerous or obstructed condition of any street, alley, crosswalk, way, sidewalk, culvert or bridge, is required by the governing body to be made more specific as to itemization or description, or to be properly verified, sufficient time shall be allowed the claimant to' comply with such requirement."

It is pointed out by the appellant that in *Mackay* v. *Salt Lake City*, 29 Utah 247, 81 P. 81, 4 Ann. Cas. 824, we held that the purpose of Section 15—7—76 is to give a city or town prompt and detailed information of the happening of an accident allegedly due to a claimed defect in a sidewalk or street in order that the city or town may make a timely

investigation thereof. In light of that case, the appellant argues that if a claim for damages is made within the thirty-day period of limitations, giving the information required by statute, there has been compliance with the purpose of the statute, and the city or town may make a prompt investigation even though the claim is not verified until after the expiration of that period. The requirement of the statute that the claim be verified, it is contended, has as its purpose the assurance that a city or town will not be compelled to pay a claim unless the claimant is willing to swear to the truthfulness of the matter set forth in the claim, and there is no reason why the verification cannot be added after the expiration of the thirty-day period.

The question for decision must be resolved against the appellant. We cannot disregard the plain mandate of the statutes above quoted. It is the prerogative of the legislature to make such conditions precedent to the maintenance of an action against a city or town as it sees fit and the courts cannot relieve parties from the obligation of meeting those conditions. As was pointed out in *Hamilton* v. *Salt Lake City,* 99 Utah 362, 106 P. 2d 1028, Section 15—7—76 deals with the filing of claims of two general classes. The first class consists of claims "for damages or injury, alleged to have been caused by the defective, unsafe, dangerous or obstructed condition of any street, alley, crosswalk, sidewalk, culvert or bridge * * * or from the negligence of the city or town authorities in respect to any such street, alley, crosswalk, sidewalk, culvert or bridge." The second class of claims constitutes all claims not included in the first class. Claims of both classes are required to be verified. By the terms of Section 15—7—77, it is "sufficient bar and answer to any action or proceeding against a city or town in any court for the collection of any claim" of the first class, that such claim was not "presented to the governing body of such city or town

*in the manner and within the time* specified in section 15—7—76." (Italics added.) However, it is provided that if an account or claim of the second class is not sufficiently itemized or described or properly verified when filed, the governing body of the city or town must allow the claimant sufficient time to make his claim more specific in detail or to properly verify it.

It is apparent that the legislature did not intend that claims of the first class be amended in any respect after the expiration of the thirty-day period of limitations. As to claims of the second class, the legislative intent was otherwise and provision for the amending of claims ■ of that class in certain regards was made. We are as powerless to allow a claimant the privilege of amending his claim of the first class by adding a verification thereto after the expiration of the thirty days, as we are to extend the time for filing claims. Why the legislature accorded to claimants of the second class the privilege of properly verifying their claims after the time for filing had elapsed, but made no such provision for the benefit of claimants of the first class, is of no consequence here. It seems reasonable, however, to think that the timely verification of claims of the first class was required by the legislature not only for the reason that a city or town would not be compelled to *pay* a claim, the truthfulness of the contents of which the claimant is unwilling to swear to, but also that cities and towns would not be put to the expense of *investigating* unverified claims.

Thus we conclude that the lower court properly sustained the respondent's demurrer to the appellant's second amended complaint on the ground that she had failed to timely present a claim to the respondent in the form prescribed by statute. It is therefore unnecessary to discuss the other grounds upon which the demurrer was sustained. We also refrain from expressing any opinion whether the

appellant designated the place of the accident with sufficient particularity in her claim to meet the requirements of the statute.

The judgment below is affirmed. Costs to the respondent.

PRATT, C. J., and WADE, LATIMER, and McDONOUGH, JJ., concur.