DAWSON v SECRETARY OF STATE

AUTOMOBILES—DRUNKEN DRIVING—ARREST—BREATH TEST.

A police officer who fills out a report to be sent to the Department of State because a driver refused to take a breath test must raise his right hand and swear to the authenticity of the information in the report, and failure so to swear invalidates subsequent proceedings.

Appeal from Wayne, Roland L. Olzark, J. Submitted Division 1 October 12, 1972, at Detroit. (Docket No. 13167.) Decided January 17, 1973.

Herman J. Dawson's operator's license was suspended for 90 days by the License Appeal Board of the Department of State for his refusal to take a breath test. Plaintiff appealed to circuit court. Reversed. The Secretary of State appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Theresa Doss,* Assistant Attorney General, for defendant Secretary of State.

Before: V. J. BRENNAN, P. J., and LEVIN and O'HARA,* JJ.

V. J. BRENNAN, P. J. On July 2, 1970, an officer

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobiles and Highway Traffic §§ 259, 332–334.

Admissibility in criminal case of evidence that accused refused to submit to scientific test to determine amount of alcohol in system. 87 ALR2d 370.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

of the Detroit Police Department placed the plaintiff, Herman Jean Dawson, under arrest for drunken driving following the officer's investigation of a traffic accident. Mr. Dawson, the plaintiff herein, refused to take a breath test after being informed of the consequences of such refusal. The arresting officer then filled out a report on a form furnished by the Department of State for this purpose. (See MCLA 257.625d; MSA 9.2325[4].) The officer signed the report and handed it to a Detroit police sergeant who signed it as "clerk of record". The officer did not, however, raise his right hand and swear to the authenticity of the information in the report.

The report of the plaintiff's refusal to take the breath test was then forwarded to the Secretary of State who promptly began to take the steps necessary to suspend the plaintiff's operator's license. Plaintiff requested and was granted a hearing before the License Appeal Board, at which time it was determined that plaintiff's license should be suspended for 90 days.

Plaintiff appealed to the Wayne County Circuit Court, and a judge thereof held that the fact that the police officer did not swear to the report renders the entire proceeding before the License Appeal Board invalid. Defendant Secretary of State now appeals to this Court and raises only one issue: Does the failure of the police officer to raise his right hand and "solemnly swear" render the suspension of the plaintiff's license by the License Appeal Board invalid?

As the trial court observed in its well-reasoned opinion, the statutes involved herein clearly and unequivocally require the police officer's report to be sworn.

"A person under arrest shall be advised of his right

to refuse to submit to chemical tests; and if he refuses the request of a law enforcement officer to submit to chemical tests, no test shall be given. A *sworn* report shall be forwarded to the department by the law enforcement officer * * * ." (Emphasis added.) MCLA 257.625d; MSA 9.2325(4).

"Upon receipt of the *sworn* statement, the department shall immediately notify the person in writing, mailed to his last known address, that the *sworn* statement has been received and that within 14 days of the date of the notice he may request a hearing * * * ." (Emphasis added.) MCLA 257.625e; MSA 9.2325(5).

The court also noted that the proper form for taking the necessary oath is prescribed by statute:

"The usual mode of administrating oaths now practiced in this state, by the person who swears holding up the right hand, shall be observed in all cases in which an oath may be administered by law except in the cases herein otherwise provided. The oath should commence, 'You do solemnly swear or affirm'." MCLA 600.1432; MSA 27A.1432.

The Supreme Court of Kansas was presented with an almost identical case and reasoned that the statute therein involved was mandatory and not merely directory, and that therefore the failure of the police officer to formally "swear" rendered the proceedings invalid. *Wilcox v Billings,* 200 Kan 654; 438 P2d 108 (1968). That Court reasoned that the statute was mandatory on the following basis: (1) If the licensee takes no action after the submission of the police officer's report, the consequences to the licensee's driving privileges could be serious; (2) false swearing in such matters is made criminal by state statutes (such is also the case in Michigan, see MCLA 257.903; MSA 9.2603); (3) by requiring the police officer's report to be sworn, the statute assures a measure of reliability; (4) the

Court doubted that the Legislature intended drastic action to be taken on the basis of an unsworn assertion; (5) the Court therefore concluded that the statute mandates that the report be sworn, and failure to so swear invalidates subsequent proceedings.

We concur with the rationale of the Kansas Court, and affirm the trial court.

Affirmed.

All concurred.