[No. 3588-1.   Division One.   November 22, 1976.]

ROBERT CLIFFORD MCLEOD, *Respondent*, v. THE DEPARTMENT OF MOTOR VEHICLES, *Appellant*.

*Slade Gorton, Attorney General,* and *Susan Rae Martin, Assistant,* for appellant.

*Bianchi, Tobin & Rinaldi, P.S., Albert A. Rinaldi, Jr.,* and *Edward C. Eisert,* for respondent.

JAMES, J.—Appellant Department of Motor Vehicles revoked respondent Robert McLeod's "privilege to operate a motor vehicle in this state" after a "formal hearing" as provided by Washington's implied consent statute, RCW 46.20.308 *et seq.* McLeod appealed to the Superior Court pursuant to RCW 46.20.308(5) and RCW 46.20.334. The trial judge found that:

> [The law enforcement officer] signed his report [of his belief that McLeod had been driving while under the influence of intoxicating liquor and of McLeod's refusal to submit to a chemical test of his breath] to the Department of Motor Vehicles in the presence of a notary public.

Finding of fact No. 1D.

> [The law enforcement officer] neither raised his right hand nor recited an oath to affirm the truthfulness of his report to the notary.

Finding of fact No. 1E. The trial judge concluded that:

> A police officer's submission of a sworn report pursuant to RCW 46.20.308(3) is jurisdictional to the Department of Motor Vehicles' right to revoke a driver's license.

Conclusion of law No. 2B.

> A report merely signed in the presence of a notary is not sufficiently "sworn to" within the meaning of RCW 46.20.308(3) to confer jurisdiction upon the Department of Motor Vehicles to revoke a driver's license.

Conclusion of law No. 2C. A judgment reinstating McLeod's driving privileges was entered on January 31, 1975. The sole issue on appeal is whether, under these circumstances, the report received by the Department from the law enforcement officer effectively conferred jurisdiction upon the Department for the purpose of revoking McLeod's driving privilege.

In his oral ruling, the trial judge reasoned that because of the serious consequences which can accompany

the revocation of a driver's license, a formal "swearing" by the officer is required. In reaching this conclusion, the trial judge was influenced by our holding in *Metcalf v. Department of Motor Vehicles*, 11 Wn. App. 819, 525 P.2d 819 (1974) that the receipt by the Department of a "sworn report" from a law enforcement officer is a jurisdictional requirement. While we adhere to our holding that a "sworn report" is jurisdictional, *accord, Binckley v. Department of Motor Vehicles*, 16 Wn. App. 398, 556 P.2d 561 (1976), we cannot agree with the trial judge's conclusion that a report merely signed in the presence of a notary does not effectively confer jurisdiction upon the Department for the purpose of revoking a driver's license.

In *State v. Lewis*, 85 Wn.2d 769, 771, 539 P.2d 677 (1975) (decided after the trial court's ruling in this case), our Supreme Court has elected to align the courts of Washington with those jurisdictions which hold that "merely signing an affidavit in the presence of a notary or other official authorized to administer oaths is sufficient to constitute the taking of an oath."

Reversed.

WILLIAMS, C.J., and ANDERSEN, J., concur.

Petition for rehearing denied January 20, 1977.

Review denied by Supreme Court May 25, 1977.