THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES REHFELDT, Defendant-Appellant.

Fourth District    No. 17288

Opinion filed January 29, 1982.

James W. Ziegweid, of Adams & Ziegweid, of Quincy, for appellant.

Anthony B. Cameron, State's Attorney, of Quincy, for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:
This case concerns the provisions of section 11—501.1(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d)), providing for the suspension of the driver's license of motorists arrested for certain types of traffic offenses who refuse to submit to a test of their breath used to determine the alcohol content of their blood. The section requires that if a motorist required to take the test refuses to do so, the arresting officer "shall" file, with the clerk of the circuit court of the county of the arrest, a sworn statement containing certain information. The clerk is then required to notify the motorist that his license will be suspended unless he files a written request for a hearing within 28 days. If no timely request is made, the clerk is required to notify the Secretary of State of that fact and the latter then summarily suspends the license. If a hearing is requested, the court then holds a hearing to make a determination if certain stated requirements for revocation have been met and if the court so finds, the clerk of the court is directed to so notify the Secretary of State, who is then required to issue an order of suspension.

Defendant James Rehfeldt appeals from an order of the circuit court of Adams County entered on June 1, 1981, after a hearing requested by

defendant pursuant to the terms of section 11—501.1(d). With reference to findings, the order stated: "Probable cause found. Clerk ordered to notify Sec. of State of finding." On appeal defendant makes no claim as to any insufficiency of the findings of the circuit court, any insufficiency of the evidence to support the required findings, or any error in receipt of the evidence at the hearing. Rather, he contends the circuit court lacked subject matter jurisdiction to hold the hearing because the report filed by the arresting officer was not sworn to as required by section 11—501.1(d) and even if the court had jurisdiction, the failure of the officer to make a sworn report deprived him of due process.

Section 11—501.1(d) provides:

> "The arresting officer shall file with the Clerk of the Circuit Court for the county in which the arrest is made, a *sworn* statement *naming the person refusing to take and complete the test requested* under the provisions of this Section." (Emphasis added.)

The requirements of the report are then set forth in detail. Defendant contends the language contained in the statute is mandatory and the court is not vested with subject matter jurisdiction until the arresting officer files a sworn statement which sets the statutory procedures relating to the suspension or revocation of a driver's license into effect.

No report of proceedings was filed with this court but a statement purporting to be a stipulation of facts was filed. It set forth: (1) On March 26, 1981, defendant was arrested for the offense of driving while intoxicated and refused to submit to the arresting officer's request to take a breath analysis test; (2) the arresting officer filed a report and affidavit on defendant's refusal and defendant requested a hearing; (3) at the hearing, the arresting officer testified that at no time did he sign the report and affidavit before a notary public or other person authorized to administer oaths, as required by section 11—501.1(d) of the Code.

Section 11—501.1(d) states that the scope of the proceedings before the circuit court:

> "[S]hall cover only the issues of whether the person was placed under arrest for an offense as defined in Section 11—501 of this Act or a similar provision of a municipal ordinance, whether the arresting officer had reasonable grounds to believe that such person was driving while under the influence of intoxicating liquor, whether the person was informed orally and in writing as provided in Paragraph (a) that his privilege to operate a motor vehicle would be suspended if he refused to submit to and complete the test and whether, after being so advised, he refused to submit to and complete the test upon request of the officer."

The stipulation makes no direct reference to the proof of the above matters. However, it indicates the defendant made a motion for a

"directed verdict" which was based upon the evidence that the officer's report was not verified. The stipulation also stated that in overruling the motion, the court ruled defendant "had submitted to the jurisdiction of the court and any defects in the Affidavit were cured by the officer's sworn testimony" supporting the "finding of probable cause." We thus conclude that the testimony recited in the stipulation was not the sole evidence produced at the hearing.

Although it has been stated by way of dictum that the use of the word "shall," as used in section 11—501.1(d) is mandatory (see *People v. Liddell* (1974), 19 Ill. App. 3d 794, 313 N.E.2d 248), we do not hold that because of the failure of the officer to verify his report, the court lacked subject matter jurisdiction. This case differs from *Wilcox v. Billings* (1968), 200 Kan. 654, 438 P.2d 108, *Dawson v. Austin* (1973), 44 Mich. App. 390, 205 N.W.2d 299, and *Metcalf v. State Department of Motor Vehicles* (1974), 11 Wash. App. 819, 525 P.2d 819, cited by defendant. Those cases involved statutes similar to the one before us except that those statutes provided for a license to be suspended upon filing of a report and before any hearing and an original hearing granted a motorist on request was before an administrative tribunal rather than a court of general jurisdiction.

In *Wilcox*, the motor vehicle department suspended defendant's driver's license upon receipt of an unsworn report regarding defendant's refusal to submit to a breath analysis test. Following an administrative hearing and jury trial *de novo* on the issue of the reasonableness of defendant's failure to submit to the test, defendant appealed the revocation of his license, contending that because the report was not sworn to as required by law, the entire revocation proceedings were void. The reviewing court held the use of the word "sworn" in the statute to be mandatory and that where a report is not sworn to, the subsequent proceedings were void.

The decision in *Dawson* was similar to that in *Wilcox*.

In *Metcalf*, defendant's license was revoked upon the filing of an unsworn report. Following a departmental hearing at which the arresting officer testified under oath, defendant appealed to the superior court. The trial court granted defendant's motion to dismiss on the grounds that the report was unsworn and the motor vehicle department lacked jurisdiction. On appeal, the reviewing court affirmed the trial court's decision.

On the question of the jurisdiction of the tribunal holding the original hearing, the present case differs from *Wilcox, Dawson,* and *Metcalf* in that, here, the first hearing was held before a trial court and not before an administrative body. In *Wilcox* and *Metcalf*, the administrative bodies obtained their jurisdiction from the statute. Here, it was not necessary for the court to obtain jurisdiction from the statute.

In *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, the supreme court held that the failure to charge a criminal offense does not deprive the circuit court of jurisdiction, as jurisdiction is not conferred by an indictment or information but by the provisions of section 9 of article VI of the Constitution, which provides that the circuit courts have "original jurisdiction of all justiciable matters." By analogy to *Gilmore*, we hold here that even though the report was not sworn to, the court had jurisdiction.

No claim is made by defendant that the failure of the arresting officer to follow the mandate of the statute and verify the report filed with the circuit clerk was procedural error not depriving the court of jurisdiction. Any such claim would have been waived by the defendant. Rather than objecting to the insufficiency of the report, the defendant went to hearing on the merits of the court hearing provided for in section 11—501.1(d) and then claimed a finding should be made in his favor on the merits of the issue before the court because of the procedural deficiency. We conclude that he waited too long to raise that issue. Had the issue been raised before the hearing, the officer would have had an opportunity to verify the document in question and correct the deficiency.

We now turn to defendant's claim he was deprived of due process because the officer's report was not verified. We note that he was not deprived of any of his driving privileges until he had been given a hearing after adequate notice and with an opportunity to be represented by counsel, present evidence, and make argument. In *Wilcox* and *Metcalf*, the driver's privileges were suspended merely upon the basis of the officer's unverified report. We also note that we are not faced with the situation that would have developed if defendant had not demanded a hearing and his license to drive had been suspended merely on the basis of the officer's unverified report. We find no deprivation of due process to have taken place.

Accordingly, the decision of the trial court is affirmed.

Affirmed.

LONDRIGAN and TRAPP, JJ., concur.