**Ruth E. HELSTEN, Plaintiff and Appellant,**

v.

**Fred C. SCHWENDIMAN, Defendant and Respondent.**

**Curtis J. STEVENS, Plaintiff and Appellant,**

v.

**Fred C. SCHWENDIMAN, Plaintiff and Respondent.**

Nos. 18440, 18583.

Supreme Court of Utah.

June 6, 1983.

Stephen R. McCaughey, Sumner J. Hatch, Salt Lake City, for plaintiffs-appellants.

David L. Wilkinson, Bruce M. Hale, Salt Lake City, for Schwendiman.

STEWART, Justice:

In these consolidated cases, appellants are drivers whose licenses were revoked by the Department of Public Safety pursuant to

Utah's implied consent statute, U.C.A., 1953, § 41–6–44.10. A district court upheld the revocations. Appellants contend that the revocation procedure was invalid because the arresting police officer failed to submit a "sworn report," as required by § 41–6–44.10(b).

Section 41–6–44.10 authorizes the Department of Public Safety to revoke the license of a driver who refuses to submit to a chemical test for the purpose of determining whether that person was driving under the influence of alcohol or drugs. Section 41–6–44.10(b) is set forth in full text below.[1] In brief, that statute provides:

1. If a police officer has grounds to believe that the driver of a motor vehicle was under the influence of alcohol or drugs while in control of the vehicle, the officer may, after arresting the driver, request him to submit to a chemical test for the presence of alcohol or drugs in his body. If the driver refuses to submit to the test, the officer shall warn the driver that his refusal can result in revocation of his license. On numerous occasions, we have ruled that drivers may not defeat the purpose of the statute by devising various strategies to try to justify not taking a breach test. *E.g.,*

*Cavaness v. Cox,* Utah, 598 P.2d 349 (1979); *Beck v. Cox,* Utah, 597 P.2d 1335 (1979).

2. If the driver does not agree to take a test when requested, the statute states that the officer shall

submit [to the Department] a sworn report that he had grounds to believe the arrested person had been driving . . . a motor vehicle while under the influence . . . and that the person had refused to submit to [the required] chemical test.

3. After receiving the sworn report, the Department must notify the driver that an administrative hearing will be held. If at the hearing the averments in the report are determined to be true, or if the driver fails to appear at the hearing, his license is revoked for one year.

4. If the license is revoked, the driver may petition for a trial de novo in district court to review the administrative hearing. At the trial de novo, the Department has the burden of proof and the burden of going forward with the evidence. *Pledger v. Cox,* Utah, 626 P.2d 415 (1981).

In each of the instant cases, the appellants were apprehended by a Murray City police officer and the prescribed administrative hearings were held resulting in orders

1. Section 41–6–44.10(b) reads:

If [a person who a peace officer has reasonable grounds to suspect has been driving a motor vehicle while under the influence of alcohol or drugs] has been placed under arrest and has thereafter been requested by a peace officer to submit to any one or more of the chemical tests provided for in subsection (a) of this section and refuses to submit to such chemical test or tests, such person shall be warned by a peace officer requesting the test or tests that a refusal to submit to the test or tests can result in revocation of his license to operate a motor vehicle. Following this warning, unless such person immediately requests the chemical test or tests as offered by a peace officer be administered, no test shall be given and a peace officer shall submit a *sworn report* that he had grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol or any drug or combination of alcohol and any drug and that the person had refused to submit to a chemical test or tests as set forth in subsection (a) of this section. Within 20 days after receiving a *sworn report* from a peace officer to the effect that such person has refused a chemical test or tests the department shall notify such person of a hearing before the department. If at said hearing the department determines that the person was granted the right to submit to a chemical test or tests and refused to submit to such test or tests, or if such person fails to appear before the department as required in the notice, the department shall revoke for one year his license or permit to drive. Any person whose license has been revoked by the department under the provisions of this section shall have the right to file a petition within 30 days thereafter for a hearing in the matter in the district court in the county in which such person shall reside. Such court is hereby vested with jurisdiction, and it shall be its duty to set the matter for trial de novo upon 10-days' written notice to the department and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner's license is subject to revocation under the provisions of this act. [Emphasis added.]

of revocation followed by affirmances in the district court.

In each case the police officer's report was not signed in the presence of a notary, and hence was not a sworn report as required by the statute, even though there is a jurat on the report which states: "Personally appeared before me, [the name of the officer], and being first duly sworn .... " Thus, the jurats were in fact false.

Under the practice followed by the Murray City Police Department, all reports filed in a day are placed in a basket, and they are notarized the next day or at some later time. Appellants' contention that a report is not sworn to by the police officer whose name appears on the report, or by anyone else, under this procedure is correct.

States with implied consent statutes similar to Utah's have held that if an officer's report that initiates the administrative revocation proceeding is not under oath the ensuing proceeding is invalid. *Wilcox v. Billings,* 200 Kan. 654, 438 P.2d 108 (1968); *Neeley v. State,* La.App., 308 So.2d 880 (1975); *Dawson v. Austin,* 44 Mich.App. 390, 205 N.W.2d 299 (1973); *Blackburn v. Motor Vehicles Division,* 33 Or.App. 397, 576 P.2d 1267 (1978); *Binkley v. State,* 16 Wash.App. 398, 556 P.2d 561 (1976). *But see People v. Rehfeldt,* 103 Ill.App.3d 368, 59 Ill.Dec. 165, 431 N.E.2d 450 (1982) (contrary result reached under implied consent statute which does not provide for administrative-level proceedings). In these states, the provision for a sworn report is "mandatory" rather than "directory." *See generally Sjostrom v. Bishop,* 15 Utah 2d 373, 393 P.2d 472 (1964).

We think the reasons that support this rule are sound. It is, of course, true that under our implied consent statute, a driver is not deprived of his license except upon the sworn testimony of the officer in the initial administrative hearing, and thereafter, if an appeal is taken, upon sworn testimony in the district court. But if for some reason a driver fails to appear at the initial hearing, his license is automatically revoked for one year. In that case the revocation would be based essentially upon the report alone.

Furthermore, since there is always a lapse of time between the filing of the report and the hearing, and since such hearings often must be decided upon the basis of the credibility of the driver and the police officer, whose memory will have been dimmed by the passage of time and the handling of numerous similar cases in the intervening period, it is reasonable to provide for a procedure that will obviate, to the extent possible, error and misstatement that may arise because of the passage of time.

Since the Legislature in enacting the implied consent statute required a sworn statement by a police officer, it is not for this Court to dispense with that requirement, especially since it serves to promote reliability. In truth, a police officer will very likely have very little actual recollection of the event beyond what is in the report, and he, in effect, will often be testifying to the contents of the report, not from his own recollection. Under the circumstances, it is reasonable to require that the critical—and in point of fact often determinative—evidence, be sworn to at the time the events are freshly recorded.[2]

As the Kansas Supreme Court stated, the requirement of a sworn report affords "some measure of reliability and some protection to the licensee against unwarranted accusation." *Wilcox v. Billings, supra,* at 658, 438 P.2d at 112. The oath encourages honesty in filling out the report, both by the act of swearing, which emphasizes the serious implications of the report's contents, and by the penalties attached to false swearing. *See* U.C.A., 1953, §§ 76–8–502 to –504. The statutory requirement is appropriate because the driver, "based on the report alone, [is] put in the position of having to take affirmative steps to defend himself." *Neeley v. State, supra,* at 883.

---

**2.** We see no reason why such reports could not be sworn to by the appropriate officers at the end of a shift, with a minimum of inconvenience to the police. Such a procedure would not be cumbersome or unfeasible.

Some states go so far as to denominate the sworn report a "jurisdictional requirement" of the subsequent administrative proceeding. *E.g., Blackburn v. Motor Vehicles Division,* 33 Or.App. 397, 576 P.2d 1267 (1978). It is clear that whether denominated jurisdictional or not, the sworn report "is essential to the validity of the subsequent proceedings for ... revocation," and that "where the report is not in fact sworn to, the subsequent proceedings are void." *Wilcox v. Billings, supra,* at 659, 438 P.2d at 112. *Cf. Peterson v. Salt Lake City,* 118 Utah 231, 221 P.2d 591 (1950).

In the present case, since the report was not signed in the presence of a notary, the report was not validly sworn to. *Neely v. State, supra; Blackburn v. Motor Vehicles Division, supra; McLeod v. State,* 16 Wash. App. 400, 556 P.2d 563 (1976). *Cf. Dawson v. Austin, supra.* Thus, the ensuing revocations were a legal nullity.

The judgment of the district court is reversed. No costs.

HOWE and DURHAM, JJ., concur.

OAKS, Justice (dissenting):

I cannot agree that the district courts' proceedings were "a legal nullity" or that these courts lacked jurisdiction to revoke a driver's license under U.C.A., 1953, § 41–6–44.10 because the officers' reports were not personally sworn to before a notary. Admittedly, that statute requires a "sworn report," and admittedly that is the preferred course, for the reasons stated in the majority opinion. But what happened here did not deviate far from that requirement in substance.

In Stevens' case, where we have detailed findings, the court found that "the sworn report submitted by the arresting officer to the department was dropped in a box the night before and notarized subsequently by the notary, and not in the presence of the officer." We may fairly infer from the record that the department's notary was familiar with the signature of the officer, so the administrative proceeding was not begun without most of the protections advocated in the majority opinion.

The most important protection of these petitioners' rights, one that is probably an ingredient of fundamental fairness required by due process, is that the officers gave sworn testimony at the administrative hearing and again in the district court before petitioners' licenses were revoked. Under the statute, the department and the court take their action not on the basis of the officer's signed report—sworn or otherwise—but on the basis of the testimony given and other evidence submitted at the hearing. Petitioners do not challenge the truthfulness of that testimony or the adequacy of evidence for the ordered revocations. Instead, persons arrested for driving under the influence of alcohol seek to retain their licenses in the face of admitted grounds for revocation because "the constable has blundered." *Cf. People v. Defore,* 242 N.Y. 13, 21, 150 N.E. 585, 587 (1927) (Cardozo, J.).

The sole and simple issue on these appeals is whether the district court loses its power to enter a valid order on admittedly sufficient evidence because the officer was not present and personally affirming his signature when the department's notary subscribed the report that commenced the underlying administrative proceeding. I cannot see how the statute requires that result in a case where the officer later confirmed his signed report by sworn testimony at the hearing. I would follow *People v. Rehfeldt,* 103 Ill.App.3d 368, 59 Ill.Dec. 165, 431 N.E.2d 450 (1982). (The department's power to revoke the license of a person who has failed to appear for the hearing may be a different case, but that issue is not before us on this appeal.)

I would affirm.

HALL, C.J., concurs in the dissenting opinion of OAKS, J.