Virgil MOORE, Plaintiff and Appellant,

v.

Fred C. SCHWENDIMAN, Chief, Drivers' License Services, Department of Public Safety, State of Utah, Defendant and Respondent.

No. 870248–CA.

Court of Appeals of Utah.

Feb. 17, 1988.

Randall Gaither (argued), Salt Lake City, for plaintiff and appellant.

Bruce M. Hale (argued), Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

Before BILLINGS, ORME and JACKSON, JJ.

OPINION

BILLINGS, Judge:

This is an appeal from a district court judgment affirming an order of the Department of Public Safety (the Department) revoking appellant's driver's license for his refusal to take an intoxilyzer test in violation of Utah's implied consent statute. Utah Code Ann. § 41–6–44.10 (1984). We reverse.

On August 5, 1984, appellant was arrested for driving under the influence of alcohol in violation of Utah Code Ann. § 41–6–44 (1984). At the scene of the arrest, Officer Sullivan, after giving appellant the requisite admonitions, requested appellant to take an intoxilyzer test. Appellant acceded to this request. Because Officer Sullivan was on a motorcycle, Officer Cracroft transported appellant to the police station where he attempted to administer the intoxilyzer test. According to Officer Cracroft, appellant refused to follow instructions in giving a breath sample. Appellant would appear to blow air into the intoxilyzer chamber by "puffing his cheeks," but little if any air would pass

into the chamber. Officer Cracroft then instructed appellant that his refusal to take the test would result in his driving privilege being revoked for one year. Officer Cracroft again attempted to administer the test; however, there was never a sufficient air sample.

When Officer Sullivan returned to the police station, Officer Cracroft informed him appellant had refused to submit to the intoxilyzer test. Officer Sullivan testified that he thereafter completed the requisite report, swearing to its accuracy as required, and submitted it to the Department. However, the record before us is void of any evidence as to when Officer Sullivan submitted this report to the Department, as the sworn report was not admitted at trial.

Appellant's license was revoked and he duly petitioned the district court for review of the Department's decision. The district court affirmed the Department's decision.

Because it is dispositive, we address only the first issue raised by appellant: Is the provision in Utah Code Ann. § 41–6–44.10 (1984) that the arresting officer shall file a sworn report with the Department within five days of arrest, documenting a driver's refusal to submit to the intoxilyzer test, a mandatory threshold requirement of the subsequent administrative proceeding and the derivative district court review?

Section 41–6–44.10(2), at the time of appellant's arrest, provided in pertinent part:

If the person has been placed under arrest and has thereafter been requested by a peace officer to submit to any one or more of the chemical tests provided for in subsection (1) of this section and refuses to submit to the chemical test or tests, the person shall be warned by a peace officer requesting the test or tests that a refusal to submit to the test or tests can result in revocation of his license to operate a motor vehicle. Following this warning, unless the person immediately requests the chemical test or tests as offered by a peace officer be administered, no test shall be given and a peace officer *shall submit a sworn report, within five days after the date of the arrest,* that he had grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle while having a blood alcohol content statutorily prohibited or while under the influence of alcohol or any drug or combination of alcohol and any drug·as detailed in section 41–6–44 and that the person had refused to submit to a chemical test or tests as set forth in subsection (1) of this section. *Within 20 days after receiving a sworn report* from the peace officer to the effect that the person had refused a chemical test or tests *the department shall notify the person of a hearing before the department.*

Utah Code Ann. § 41–6–44.10 (1984) (emphasis added).

## I.

■ "It is clear that whether denominated jurisdictional or not, the sworn report 'is essential to the validity of the subsequent proceedings ... for revocation....' " *Helsten v. Schwendiman,* 668 P.2d 509, 512 (Utah 1983) (quoting *Wilcox v. Billings,* 200 Kan. 654, 659, 438 P.2d 108, 112 (1968)); *see Colman v. Schwendiman,* 680 P.2d 29, 30 (Utah 1984). The Department has the burden to produce competent evidence that the revocation proceeding was initiated by the sworn report of the arresting officer. *Binckley v. Dep't of Motor Vehicles,* 16 Wash.App. 398, 556 P.2d 561, 563 (1976). Consequently, if the Department failed to establish that the sworn report was submitted, appellant's license revocation proceeding was invalid and the revocation a legal nullity. *See, e.g., Wilcox v. Billings,* 200 Kan. 654, 438 P.2d 108 (1968); *Neely v. State,* 308 So.2d 880 (La.Ct.App.1975); *Dawson v. Austin,* 44 Mich.App. 390, 205 N.W.2d 299 (1973); *Blackburn v. Motor Vehicles Div.,* 33 Or. App. 397, 576 P.2d 1267 (1978); *Colman v. Schwendiman,* 680 P.2d 29 (Utah 1984); *Helsten v. Schwendiman,* 668 P.2d 509 (Utah 1983); *Binckley v. Dep't of Motor Vehicles,* 16 Wash.App. 398, 556 P.2d 561 (1976).

■ However, there was no such failure in this case. Officer Sullivan testified that

he submitted a sworn report to the Department, documenting appellant's purported refusal to take the intoxilyzer test. Nevertheless, there is no evidence indicating *when* the sworn report was submitted. Thus, we must decide whether the Department's failure to submit evidence as to when the report was filed is fatal to the proceedings. Appellant contends the five-day requirement is mandatory. The Department claims it is merely directory. The distinction is that one must comply precisely with a mandatory requirement or the transaction or process is invalidated. *Wilcox*, 438 P.2d at 111. On the other hand, substantial compliance is sufficient if the legislative requirement is interpreted as directive only. *Board of Educ. of the Granite School Dist. v. Salt Lake County,* 659 P.2d 1030, 1035 (Utah 1983).

> The general rule is that a statute, prescribing the time within which public officers are required to perform an official act, is directory only, unless it contains negative words denying the exercise of the power after the time specified or the nature of the act to be performed, or the language used by the Legislature shows that the designation of time was intended as a limitation.

*Sjostrom v. Bishop,* 15 Utah 2d 373, 377, 393 P.2d 472, 475 (1964) (quoting *State ex rel. Wight v. Park City School Dist.,* 43 Utah 61, 133 P. 128, 129 (1913)). *Accord Board of Educ. of the Granite School Dist.,* 659 P.2d at 1035. However, "[w]here from consideration of the whole statute and its nature or object it appears that the intent of the legislature was to impose a duty on a public officer rather than a discretionary power, even the word 'may' has been held to be mandatory." *Board of Educ. of the Granite School Dist.,* 659 P.2d at 1035. There is simply no litmus test as to whether a statutory provision is mandatory or directive.

■ The most fundamental guideline in distinguishing mandatory from directory provisions is to give effect to the legislative intent. *See Board of Educ. of the Granite School Dist.,* 659 P.2d at 1033–34 (quoting 1A Sutherland Statutory Construction § 25.03 (4th Ed.)). This requires us to look to the history and background of the statute, its purpose, and the interpretation which will best implement that purpose. *Sjostrom,* 15 Utah 2d at 376, 393 P.2d at 474.

> Consideration must be given to the entire statute, its nature, its object, and the consequences which would result from construing it one way or the other.... [It depends] on whether the thing directed to be done is of the essence of the thing required, or is a mere matter of form.... [W]here the directions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, it is generally regarded as directory.... [A] statute is regarded as directory where no substantial rights depend on it, no injury can result from ignoring it, and the purpose of the legislature can be accomplished in a manner other than that prescribed, with substantially the same results.

*Wilcox,* 438 P.2d at 111.

The Department's receipt of the arresting officer's sworn report initiates the revocation process as evidenced by the statutory language: "within twenty days after receiving a sworn report from a peace officer to the effect that the person has refused a chemical test or tests the department shall notify the person of a hearing before the department." Utah Code Ann. § 41-6-44.10 (1984). A driver whose license is subject to revocation for his or her failure to take a chemical test has a right to a prompt hearing and the arresting officer's failure to observe the five-day requirement could jeopardize this right. Furthermore, a prompt filing of the report assures the accuracy and reliability of the report and obviates possible error which may arise because of the passage of time. *See Helsten,* 668 P.2d at 511. The purpose of the entire drunken driving statutory scheme is to expeditiously remove drunken drivers from Utah's roads. H.B. 142, 45th Leg., 1st Spec.Sess., 1983 Utah Laws I. Thus, time is of the essence in the statutory scheme when considered as a whole and substantial rights could depend on compliance with the five-day requirement.

Furthermore, section 41–6–44.10 states that the arresting officer *shall* file a sworn report within five days of the driver's arrest, documenting the driver's refusal to take a chemical test. The use of the word "shall" further supports the conclusion that the arresting officer has a mandatory duty to file the sworn report within five days. While "shall" has been interpreted as directory, *Kennecott Copper Corp. v. Salt Lake City*, 575 P.2d 705 (Utah 1978), "it is usually presumed mandatory and has been interpreted as such in this and other jurisdictions." *Board of Education of the Granite School Dist.*, 659 P.2d at 1035. *E.g., Banister v. Carnes*, 9 Kan.App.2d 133, 675 P.2d 906, 909 (1983); *County of Wayne v. State Treasurer*, 105 Mich.App. 249, 306 N.W.2d 468, 470 (1981); *In re Rickard*, 93 N.M. 35, 596 P.2d 248, 250 (1979); *Grant v. Utah State Land Bd.*, 26 Utah 2d 100, 102, 485 P.2d 1035, 1036–37 (1971); *State v. Q.D. & M.S.*, 102 Wash.2d 19, 685 P.2d 557, 563 (1984).

█ We need not reach the thorny issue of whether the five-day requirement in Utah Code Ann § 41–6–44.10 (effective Jan. 1, 1988) is mandatory or directory.[1] Even if we interpreted this provision as directory, the Department had the burden to demonstrate by competent evidence that it substantially complied with this five-day filing requirement. *Board of Educ. of the Granite School Dist.*, 659 P.2d at 1035. There is no evidence that the report was filed six, seven, eight, or even ten days after appel-

lant's arrest. There is *no* evidence as to when the report was filed. Thus, under either a mandatory or a directory standard, the Department's position fails. The Department's failure to establish when the required sworn report was filed renders the administrative revocation of appellant's license and the derivative district court review void and the revocation a legal nullity. *See Colman*, 680 P.2d at 31; *Helsten*, 668 P.2d at 512.

## II.

Our decision today should not hinder the State from expeditiously removing drunken drivers from public roads. The sworn report documenting a driver's refusal to submit to the intoxilyzer test can be admitted at the district court proceeding for the limited purpose of establishing when it was filed or, alternatively, the officer can testify as to when he or she filed the report with the Department. Either approach would have insulated this case from reversal on appeal.

Reversed. Costs to appellant.

ORME and JACKSON, JJ., concur.

---

1. We note that our decision today interprets section 41–6–44.10 as that statute existed in 1984, the time of appellant's arrest. Since 1984, section 41–6–44.10 has been substantially amended. Now, this section reads in pertinent part:

   (iii) ... The peace officer shall submit a signed report, within five days after the date of arrest....

   (b) Within twenty days after receiving a written request, the division shall notify the person of his opportunity to be heard as early as practicable, and that his request shall be made within ten days after the date of the arrest.

Utah Code Ann. § 41–6–44.10 (effective Jan. 1, 1988). Under this version of the statute, it is not the five-day requirement which begins the administrative revocation process and thus the argument that the five-day requirement is mandatory is weaker. Now, the five-day requirement is more a matter of form as no substantial rights depend on its literal application. The statute places the burden on the driver to make a written application for an administrative hearing within ten days after the date of the arrest. It is this time requirement that begins the administrative hearing process.