**James Alex CHEEK, Appellant,**

v.

**STATE of Oklahoma ex rel. DEPART-MENT OF PUBLIC SAFETY,**
**Appellee.**

**No. 76309.**

Supreme Court of Oklahoma.

July 9, 1991.

Kent Eldridge, Oklahoma City, for appellant.

Douglas R. Young, and Blair Easley, Jr., Okl. Dept. of Public Safety, Oklahoma City, for appellee.

HODGES, Vice Chief Justice.

The issue before this Court is what constitutes a sworn statement for purposes of Okla.Stat. tit. 47, § 754 (Supp.1990).

On February 26, 1990, at 1:20 a.m., James Alex Cheek (petitioner) was arrested for driving under the influence of alcohol. Within two hours after his arrest, petitioner was requested and refused to take the state's breath test. The refusal came after petitioner was informed of the consequences of refusing to take the test. Petitioner was served a copy of the Officer's Affidavit and Notice of Revocation.

Following a hearing, the Department of Public Safety revoked petitioner's driving privileges for one year pursuant to Okla.

Stat. tit. 47, § 6–205.1(a)(3) (Supp.1988). Petitioner applied to the district court for relief. Petitioner's copy of the officer's affidavit was admitted as evidence at trial. That copy was not notarized but did contain a statement by the arresting officer that "[t]he contents of [the affidavit were] true and correct to the best of [his] knowledge and belief." The original of the affidavit was notarized. The arresting officer testified that he signed the original in the presence of the notary, but that he did not make any oral affirmation before the notary. The district court sustained the revocation. In an unpublished opinion, the Court of Appeals affirmed. And this Court granted certiorari to consider this issue of first impression.

Section 754 of title 47 of the Oklahoma Statutes provides for the seizure of a license of a person arrested for driving under the influence and who refuses to take a breath test. Subsection B also provides:

The seized license, permit or other evidence of driving privilege and a copy of the receipt form issued to the arrested person shall be attached to the *sworn report* of the arresting officer and shall be submitted by mail or in person to the Commissioner of Public Safety or his designated representative within seventy-two (72) hours of the issuance of the receipt. The failure of the arresting officer to timely file this report shall not affect the authority of the Department to revoke the driving privilege of the arrested person.

Okla.Stat. tit. 47, § 754(B) (Supp.1988) (emphasis added).

Petitioner argues that the arresting officer did not swear to the affidavit before the notary public, that the swearing before the notary public is jurisdictional, and that the revocation must be vacated. We disagree that section 754 requires such formality.

A similar issue was addressed by the Oklahoma Court of Criminal Appeals in *Loudermilk v. State*, 83 Okla.Crim. 374, 177 P.2d 129, 130 (1947). In *Loudermilk*, the defendant challenged the validity of an

affidavit for a search warrant. He contended that the arresting officer did not orally swear to the truth of affidavit before the justice. The affidavit, on its face, reflected that the officer had sworn to it, and the officer testified that he signed the affidavit in the presence of the justice. *Id.* 177 P.2d at 130. The court held that the testimony and the statement on the affidavit were sufficient and that the officer did not have to declare orally to the justice that the statements in the affidavit were true.

In the present case, the petitioner has contended that the arresting officer did not declare to the notary public that the statements in the officer's affidavit were true. The arresting officer testified that he signed the statement in the presence of the notary public. The officer's affidavit shows on its face that it was sworn to. The act of signing the attestation that the contents of the affidavit were "true and correct to the best of [the arresting officer's] knowledge and belief" in the presence of the notary public was sufficient for purposes of section 754.

We adopt the rule of a number of courts which hold that "merely signing a form of affidavit in the presence of a notary or an official authorized to administer an oath is sufficient." *Blackburn v. Motor Vehicles Div., Dep't of Transp.*, 33 Or.App. 397, 576 P.2d 1267 (1978); *see People v. McClain,* 128 Ill.2d 500, 132 Ill.Dec. 441, 539 N.E.2d 1247 (1989); *Dalbey Bros. Lumber Co. v. Crispin,* 234 Iowa 151, 12 N.W.2d 277 (1943); *State ex rel. Klingle v. Fisher,* 174 Minn. 82, 218 N.W. 542 (1928), *cert. denied,* 278 U.S. 636, 49 S.Ct. 32, 73 L.Ed. 552 (1928); *Wall v. Democratic Repres. Dist. Comm. for Dist. 15,* 317 So.2d 308 (La.App. 1975); *Dawson v. Austin,* 44 Mich.App. 390, 205 N.W.2d 299 (1973); *State v. Allen,* 200 Miss. 494, 27 So.2d 695 (1946); *Atwood v. State,* 146 Miss. 662, 111 So. 865 (1927); *Agnew v. Hjelle,* 216 N.W.2d 291 (N.D. 1974); *Cincinnati Fin. Co. v. First Discount Corp.,* 59 Ohio App. 131, 17 N.E.2d 383 (1938); *Cole v. State,* 92 Okla.Cr. 316, 223 P.2d 155 (1950); *State v. Lewis,* 85 Wash.2d 769, 539 P.2d 677 (1975); *McLeod v. State,* 16 Wash.App. 400, 556 P.2d 563 (1976). *Contra, Dawson v. Secretary of*

*State,* 44 Mich.App. 390, 205 N.W.2d 299 (1973); *cf. Wells v. Jones,* 125 Mich.App. 137, 336 N.W.2d 17 (1983).

In *Loudermilk,* the Oklahoma Court of Criminal Appeals succinctly stated the rule as it applies to search warrants:

> No particular ceremony is necessary to constitute the act of swearing to an affidavit for [a] search warrant. It is only necessary that something be done in presence of the magistrate issuing the search warrant which is understood by both the magistrate and the affiant to constitute the act of swearing.

*Loudermilk,* 177 P.2d at 130.

Petitioner contends that the decision of the Court of Appeals is in conflict with this Court's decision in *Chase v. State,* 795 P.2d 1048 (Okla.1990). In *Chase,* the name of the affiant was different from the person who signed the document. We held that the order was fatally flawed. There is no allegation in the present case that the arresting officer was not the affiant who signed the document. The decision in *Chase* is not applicable to the present case in that *Chase* presented an entirely different factual situation.

In the present case, the arresting officer signed a statement verifying the truth of the affidavit. He did so in the presence of the attesting notary public. These acts are sufficient for purposes of section 754 to constitute a sworn statement.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS' OPINION VACATED; DISTRICT COURT'S JUDGMENT AFFIRMED.

OPALA, C.J., and LAVENDER, SIMMS, HARGRAVE, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

DOOLIN, J., disqualified.