**COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF VEHICLE REGULATION, Appellant,**

v.

**Walker WILLIAMS, Jr., Appellee.**

No. 90–CA–2203–S.

Court of Appeals of Kentucky.

June 12, 1992.

Patricia K. Foley, Transp. Cabinet, Frankfort, for appellant.

Lowell E. Spencer, Ed Spencer's Law Office, Paintsville, for appellee.

Before HOWERTON, HUDDLESTON and MILLER, JJ.

HOWERTON, Judge.

The Transportation Cabinet appeals from a judgment of the Morgan Circuit Court reversing the Cabinet's order suspending Walker Williams, Jr.'s operator's license for refusal to submit to a breathalyzer test as required by KRS 186.565. Williams was arrested by State Trooper Mark Caudill on February 22, 1987, and charged with driving under the influence of alcohol. Trooper Caudill twice requested Williams to submit to a breathalyzer test, and after Williams refused, the trooper completed and signed a form entitled "Affidavit of Refusal to Take Chemical Test." The form was left at the city hall in West Liberty, and on February 25, the form was notarized by Barbara L. Howard, out of the presence of Caudill. KRS 186.565(3) provides in essence that upon receipt of a "sworn report of the law enforcement officer" the Transportation Cabinet shall immediately serve notice upon the licensee to appear before the secretary or his agent to show cause why the operator's license should not be revoked. On the basis of Caudill's "affidavit," the hearing was held and Williams' license was revoked. Judge Long determined that the statutory procedure was not adequately followed, and he reversed the revocation order. We agree and affirm.

The Transportation Cabinet presents a single issue. In the words of its counsel, the issue is "whether or not the Morgan Circuit Court erred when it found that because the officer had failed to sign the affidavit required pursuant to KRS 186.565 in the presence of a notary the Transportation Cabinet had no authority to hold a hearing or issue a final order?" The Cabinet argues that because the "sworn report" is only used for the purpose of having the Cabinet notify the licensee of a revocation hearing, no harm was done. The Cabinet further argues that Williams had his hearing and that at the hearing the information contained in the affidavit was sworn to under oath by Trooper Caudill, thereby correcting any shortcoming or error. We simply cannot be as nonchalant or indifferent as the Cabinet about the procedure used in this case and its failure to comply with the statute. Although the defect may have been cured by the subsequent testimony at the hearing, and it may be that Williams was not deprived of any substantial legal right, there must be a limit as to how far a court may excuse administrative agencies for failure to comply with statutory requirements and procedural rules.

Our research indicates that no court considering the validity of an arresting officer's report, in an administrative hearing such as this, has ever held other than that the requirement of a sworn statement under an implied consent statute is at least mandatory, if not jurisdictional. *See Helsten v. Schwendiman*, 668 P.2d 509 (Utah 1983); *Wilcox v. Billings*, 200 Kan. 654, 438 P.2d 108 (1968); *Stephens v. Transportation Dept.*, 106 N.M. 198, 740 P.2d 1182 (Ct.App.1987); *Blackburn v. Motor Vehicle Division*, 33 Or.App. 397, 576 P.2d 1267 (1978); *Metcalf v. Dept. of Motor Vehicles*, 11 Wash.App. 819, 525 P.2d 819 (1974); and *Dawson v. Austin*, 44 Mich. App. 390, 205 N.W.2d 299 (1973). The basic rationale for the decisions is that by including the word "sworn," the legislature intended to require that the report be essentially sworn under oath. In Oregon, Washington, and New Mexico, the implied consent statute provides that upon receipt of the sworn report, the department shall revoke the motorist's license. Following the revocation, the motorist may request a hearing. In those states, the suspension is triggered by the sworn report. *See Blackburn*, 576 P.2d at 1268. We also note that in Louisiana, the report serves as the basis for serious penal action by the Department of Public Safety. *Neely v. State, Dept. of Public Safety*, 308 So.2d 880, 882 (La.Ct. App.1975).

Utah and Kansas appear to have statutes similar to Kentucky in that the department first holds a hearing to determine whether to revoke the motorist's license. *See Helsten*, 668 P.2d at 510 n. 1. The Utah Supreme Court determined that the sworn statement was mandatory and reasoned that failure to appear at the administrative hearing results in automatic revocation of the license; thus, the report alone is the basis for revocation. Additionally, when a hearing is held, the officer will rely on the contents of the report to recollect the events. It is not unreasonable then that this evidence be sworn to at the time the events are freshly recorded. The requirement of the "sworn report" promotes "some measure of reliability and some protection to the licensee against unwarranted

accusation." *Id.* at 511. The Utah court cited the Kansas decision in *Wilcox, supra*, 438 P.2d at 112.

Other courts have also determined that the requirement of a sworn statement is mandatory. *See e.g., Cofer v. Summerlin*, 147 Ga.App. 721, 250 S.E.2d 174 (1978). Louisiana, in *Neely, supra*, also held that the requirement was mandatory. In *Neely*, the arresting officer failed to sign the report in the presence of a notary. The court reasoned that the revocation process is at least quasi-criminal in nature, because the motorist must take affirmative steps to defend herself. Therefore, the proceeding "should not be instituted on the basis of anything less than a sworn report, under oath, that the essential facts exist." *Neely*, 308 So.2d at 883.

■ We likewise hold that a sworn report by the arresting officer is mandatory to begin the license revocation process pursuant to KRS 186.565. We next turn to the question of whether the "Affidavit of Refusal to Take Chemical Test," as was signed by Mark Caudill on February 22, 1987, satisfies the requirement of a "sworn report." We conclude that it does not.

■ While the swearing need not be the formal procedure used in courts to swear in witnesses, there should be a positive statement by the officer that the report contains the truth. It is sufficient so long as the affiant appears before the notary and signs the document or acknowledges the signature in the presence of a notary while being aware that the affidavit is to be accepted and processed as a sworn document. There must be something sufficient to bind the conscience of the affiant, and the notary must at least be aware that the affiant actually signed the document. Although the "Affidavit of Refusal to Take Chemical Test" reads that the affiant was first duly sworn before completing the document, the form as acknowledged by the notary, Barbara Howard, could have been a complete fabrication and lie and in no way can it stand the test of being a "sworn report." We take notice of the fact that the act of signing a form of an affidavit in the pres-

ence of a notary is generally sufficient, and such is also a generally-accepted procedure in other jurisdictions. *See e.g., Cheek v. Oklahoma Dept. of Public Safety,* 813 P.2d 1049 (Okla.1991). The *Cheek* opinion cites a number of courts following that general rule. *See* p. 1050.

In *Helsten, supra,* the Supreme Court of Utah reviewed a sworn report involving facts similar to this case. *Helsten* involved an officer's report that was not signed in the presence of a notary. The court found that the report failed to meet the statutory requirements. The court noted that a sworn report encourages honesty in filling out the report and validates any subsequent revocation hearing. *Helsten,* at 511–12.

Similarly, in *Neely, supra,* the officer failed to sign the report in the presence of a notary, and the report was held to be invalid. The court relied on *State v. Snyder,* 304 So.2d 334 (La.1974), where the Supreme Court of Louisiana recited the general rule that an affiant "must consciously take on himself the obligation of an oath" in order for the oath to be valid. *Neely, supra,* at 882.

CR 43.13(1) provides in part that "affidavits authorized or permitted under these rules, or in any statutory proceedings, shall be a written statement of declaration sworn to or affirmed before an officer authorized to take depositions by Rule 28." Subsection (2) further provides that "Every affidavit shall be subscribed by the affiant; and the certificate of the officer or person before whom it is made shall be written separately, following the signature of the affiant, and shall be proof of the time and manner of the affidavit being made." The evidence revealed at the revocation hearing and further clarified during oral argument clearly indicates that the affidavit was neither subscribed or sworn to before a notary by Trooper Mark Caudill. We do not impute any intentional wrongdoing to Officer Caudill or Ms. Howard, but their procedure failed to meet the barest *of* minimum requirements for a "sworn report," and the revocation hearing

held pursuant to that report must be considered null and void.

The judgment of the Morgan Circuit Court is affirmed.

MILLER, J., concurs.

HUDDLESTON, J., dissents without separate opinion.