Dana Gail **BAKER**, Plaintiff and Appellant,

v.

Fred C. **SCHWENDIMAN**, Chief of Driver License Services, Department of Public Safety for the State of Utah, Defendant and Respondent.

No. 20181.

Supreme Court of Utah.

Feb. 4, 1986.

Stephen R. McCaughey, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

PER CURIAM:

The Department of Public Safety revoked plaintiff's driver's license pursuant to Utah's implied consent statute, U.C.A., 1953, § 41–6–44.10. That decision was upheld by the district court after a trial de novo. Plaintiff appeals the judgment of the district court.

At approximately 2:45 a.m. on January 1, 1984, plaintiff was arrested for driving under the influence. It was stipulated at trial that the arresting officer, Jim Smith of the Utah Highway Patrol, had probable cause to make the arrest. Plaintiff was taken to the Millard County Public Safety Building, where the officer explained the implied consent law and asked plaintiff to submit to a breath test. Plaintiff unqualifiedly refused by stating, "I don't want to take your test" and "I elect not to take a breath test." Approximately fifteen minutes after the final refusal and after the intoxilyzer machine had been dismantled, plaintiff requested the test. No test was given, and the officer indicated on his report that the chemical test had been refused.

On January 4, 1984, Officer Smith appeared before Sharon M. Dalton, a deputy county clerk. The officer testified at trial that he raised his right hand and swore to the accuracy of the report and then signed it in Dalton's presence. Dalton thereupon completed the jurat at the bottom of the report and signed it as deputy county clerk.

Plaintiff contends that the officer's report is ineffective under our decisions in *Helsten v. Schwendiman*, Utah, 668 P.2d 509 (1983), and *Colman v. Schwendiman*, Utah, 680 P.2d 29 (1984). Specifically, he urges that it is not valid since (1) Smith was not formally under oath when he signed the report, and (2) Dalton's jurat is deficient.

■ Clearly, an officer's sworn report is required under the implied consent law. The cases cited hold that this contemplates an affirmative declaration on the part of the officer. Officer Smith admitted at trial that Dalton did not formally put him under oath. He testified, however, that he went before Dalton, raised his right hand, and swore to the accuracy of the report. In so doing, Smith affirmatively took an oath.

■ Plaintiff also asserts deficiencies in the jurat signed by Dalton. He points out that it does not bear a notary public seal (U.C.A., 1953, § 46–1–7) and that it does not state the date on which Dalton's

commission expires (U.C.A., 1953, § 46–1–8). This ignores the fact that Dalton signed the report not as a notary public, but as a deputy county clerk. U.C.A., 1953, § 78–24–16 provides as follows:

> Every court, every judge, clerk and deputy clerk of any court, every justice, every notary public, and every officer or person authorized to take testimony in any action or proceeding, or to decide upon evidence, has power to administer oaths or affirmations.

A notary public who signs a jurat must comply with all of the requirements of U.C.A., 1953, § 46–1–1, *et seq.* Those requirements do not necessarily apply, however, where the person administering the oath or affirmation is one of the other persons specified in section 78–24–16. In the instant case, Dalton signed and dated the officer's report and affixed the seal of the Millard County Clerk. Acting in her capacity as deputy court clerk,[1] this was all that was required.

The officer's report therefore constitutes a valid "sworn report" under the implied consent law.

On appeal, plaintiff also argues that his request for a chemical test vitiated his earlier refusals. Officer Smith spent approximately thirty minutes attempting to persuade plaintiff to submit to a test, but plaintiff steadfastly refused. Plaintiff's "request" for a test did not come until some fifteen to twenty minutes after his final refusal and after the intoxilyzer machine had been shut down. Contrary to plaintiff's argument to the contrary, the statute is clear that "unless the person *immediately* requests the chemical test ... no test shall be given." U.C.A., 1953, § 41–6–44.10(2) (emphasis added). This requirement of immediacy was upheld and explained in *Conrad v. Schwendiman,* Utah, 680 P.2d 736 (1984). On the facts stated, plaintiff's request for a test did not vitiate his refusal. Plaintiff's claim under *Beck v. Cox,* Utah, 597 P.2d 1335 (1979),

that his refusal was not "volitional" (because of the hostility present between plaintiff and Officer Smith) is likewise without merit.

The judgment of the district court is affirmed.

---

1. U.C.A., 1953, § 17–20–1 provides: "The county clerk is ex officio clerk of the district court...." Because she is a deputy county clerk, Dalton is therefore also a deputy court clerk authorized to administer oaths under section 78–24–16.