Glen H. WHITEHOUSE, Petitioner
and Appellant,

v.

Fred C. SCHWENDIMAN, Chief, Drivers
License Services, Department of Public
Safety, State of Utah, Defendant and
Respondent.

No. 20669.

Supreme Court of Utah.

July 30, 1986.

Robert M. McRae, Vernal, for petitioner
and appellant.

David L. Wilkinson, Atty. Gen., Bruce M.
Hale, Asst. Atty. Gen., Salt Lake City, for
defendant and respondent.

PER CURIAM:

Petitioner Whitehouse appeals the revocation order of the district court terminating his driving privileges for refusing to submit to an alcohol breath test. U.C.A., 1953, § 41–6–44.10, as amended (Supp. 1986). He claims that because he requested to take the test several minutes after his refusal, the court abused its discretion in ordering his license revoked.

Arrested on August 22, 1985, for drunk driving, petitioner was requested to take the breath test and advised of the consequences of any refusal. He initially agreed to the test, affirming that he had "been through it before." He was then taken by the officer to the police station to be tested. The police sergeant assigned to administer the test arrived at the testing room a few minutes after petitioner and prepared the intoxilyzer for the test. After the sergeant instructed petitioner as to the test procedure, petitioner asserted a right to have an attorney present. Twice asked by the sergeant whether he would take the test, he responded with "I think I"ll flunk the test" and "I have went [sic] four and a half years without a driver's license. Why not go another year?" Again petitioner responded "no" to two further requests that he take the test. Asked why he had first agreed to the test, he said that he had thought he could pass it, but now did not think he could. After petitioner had refused the four requests, the sergeant shut down the intoxilyzer and left the testing room. Five minutes later, petitioner requested to take the test, but was then refused. There is no evidence that petitioner at any time was confused or uncertain of his rights, his responsibility to take the test, or the consequences if he refused.

Petitioner argues that his request to take the test after he had refused and the machine was shut down was made within a "reasonable time." Under section 41–6–44.10(2), unless the driver "*immediately* requests the chemical test or tests as offered by the peace officer be administered, no test shall be given...." (Emphasis added.) The testimony of the arresting police officer, present during the aborted test attempt, is sufficient evidence to sustain the trial court's determination that petitioner knowingly and voluntarily refused the test

and that the subsequent offer to submit to a test was not an "immediate request" by him. Petitioner's request did not come until after several refusals and after the sergeant had shut down the intoxilyzer and left the room. *Conrad v. Schwendiman,* 680 P.2d 736, 738 (Utah 1984); *Baker v. Schwendiman,* 714 P.2d 675 (Utah 1986). Whether the sergeant or any other officer was still on duty in the building and available to administer a later test is irrelevant. *Conrad,* at 738.

We find no abuse of the trial court's discretion in terminating petitioner's driving privileges pursuant to section 41–6–44.-10. The revocation is affirmed.