In re INITIATIVE PETITIONS NOS. 224-226, 228, STATE QUESTIONS Nos. 314-316, 318.

Nos. 32457 - 32460. August 13, 1946.

Rehearing Denied Sept. 10, 1946. Application for Leave to File Second Petition for Rehearing Denied Sept. 17, 1946.

*172 P. 2d 324.*

Chas. E. McPherren, of Oklahoma City, for protestant.

Frantz C. Conrad and Homer L. Hurt, both of Oklahoma City, for proponents.

ARNOLD, J. This is an appeal from a decision of the Secretary of State holding the above mentioned initiative petitions sufficient and valid. The petitions were protested by J. M. Ashton, and after the appeal was lodged in this court the matter was referred to one of the Referees with directions to hear the evidence, make findings of fact and conclusions of law, and return the same to the court, together with the transcript of the evidence and the proceedings had before him. The petitions called for the submission to the voters of the state for adoption or rejection of amendments to the Constitution thereby proposed.

Hearings before the Referee were commenced February 4, 1946, and extended to June 21st thereafter. His report was filed July 6, 1946. At the opening of the hearing it was stipulated by the parties that the four cases should be consolidated and the evidence taken in case No. 32457 should apply to each of the other three; that the circulators were the same on all the petitions; that the signatures are the same on all petitions and that the objections made to the petition in case No. 32457 are the same as those in each of the other cases.

It was further stipulated that the completed petitions in all of the four cases were filed January 22, 1945, and that facsimiles of the four petitions were filed with the Secretary of State of Oklahoma prior to the general election held in the state in 1944.

It is further stipulated that in the general election of 1942 the vote cast for Governor was 378,781; that in the 1944 general election the highest vote cast for presidential electors was 722,636. It is agreed that in order to sustain the petitions a number of persons equal to 15 per cent of the vote cast for the highest office during the preceding general election is necessary; that if the vote cast at the general election in 1942 should govern, then 56,817 signers are necessary to the validity of the petitions; that if the election returns in the general election in 1944 should govern, that 108,395 signers are necessary to the validity of the petitions.

Upon this stipulation the Referee found and determined as a matter of law that 108,395 valid signatures are necessary to sustain the petitions.

These initiative petitions seek to amend the Constitution in matters relating to levies and appropriations for school purposes, and to provide for free text books. Twenty specific objections are included in each protest and it is

fairly obvious from the Referee's report that many of these are based on clerical or technical grounds, lacking substantial merit, and which are not favored by this court. (In re Initiative Petition No. 176, State Question No. 253, 187 Okla. 331, 102 P. 2d 609.)

Of the objections presenting questions of substance the Referee sustained some in whole and some in part, depending on the quantum and weight of the proof. As to 4,181 names appearing on the petitions, it was found that this number of signatures were made by persons other than the purported signers.

Other findings favorable to protestant are based on evidence showing a failure of signers to state any address; showing duplicated pamphlets; showing address of signer by ditto marks where the preceding signature gave no address; showing signatures by mark without witnesses thereto; failure of signers to give any initial or Christian name; showing failure of circulator to fill in or verify the certificate to the pamphlets; that the circulator verified pamphlet before himself as notary public or failed to make any verification thereof; failure of circulators to give their own post-office address; signature to and verification of certificate by person other than the circulator. Upon this character of proof, the Referee excluded from consideration and counting 10,079 names.

The Referee further found in favor of protestants that in Tulsa county 2,309 signers were not registered voters and that 1,432 signers in Ottawa county were also not registered, thus excluding 3,741 names for that reason.

We accept and approve those findings by the Referee as being fairly reflected by the evidence on the hearing and as justifying his conclusion of law that 18,001 names should be excluded and not counted in determining the sufficiency of the petitions.

This leaves for consideration and determination under findings Nos. 14, 15(j), and 16 a difference of 22,347 names as to which number the Referee and the protestant disagree as to the legal effect of the evidence. The Referee concluded that the evidence was insufficient to invalidate them while protestant insists that it is.

Evidence relating to these three findings is largely documentary so that the facts are not seriously in dispute but only the legal effect of those facts. This being the situation presented, the legal questions must be determined by prior decisions of this court on similar fact situations. Finding No. 14 is based upon evidence of numerous names to the petitions being written in the same handwriting. The Referee held valid the signatures of those who also signed other names than their own, but excluded all other names so written by such genuine signers. We think this was a correct conclusion. In Re Initiative Petition No. 196, State Question No. 273, 187 Okla. 120, 102 P. 2d 153, the second paragraph of the syllabus reads:

"In the absence of evidence of willful fraud or guilty knowledge on the part of a circulator of an initiative petition of the fact that one person has signed the name of another or others to said petition, only the names shown to have been so signed will be rejected."

No evidence of fraud or guilty knowledge was found by the Referee, nor do we find any.

Evidence relating to finding No. 15(j) discloses that in some instances the circulators failed to state their post office addresses on the affidavit page of the pamphlets, but did sign as petitioners on the pamphlets and after their names as petitioners did state their post office addresses. These were held by the Referee to disclose the addresses of the circulators and were counted as in substantial compliance with statutory requirements. In other instances the addresses of the circulators were nowhere disclosed on the pamphlets. These pamphlets and the signatures

thereon were excluded as invalid. We think this conclusion by the Referee properly applied the rule announced. In re Initiative Petition No. 176, State Question No. 253, 187 Okla. 331, 102 P. 2d 609, wherein it is said:

"The procedure prescribed by statute is not mandatory, but if substantially followed is sufficient. If the end aimed at can be attained the procedure followed will be sustained. Clerical and mere technical errors are to be disregarded. Section 5892, O. S. 1931, title 34; Okla. St. Ann. § 24; In re Initiative Petition No. 142, State Question No. 205, 176 Okla. 155, 55 P. 2d 455."

Evidence relating to finding No. 16 discloses that the number of challenged signatures in 11 counties, excluding Tulsa and Ottawa counties, was arrived at by checking names on the pamphlets against the registration books in the offices of the county election boards in these counties. These records of registrations did not purport to be accurate copies of the official registration books required by statute to be filed with and kept by the county clerk as official records. (26 O.S. 1941 § 77.) In many instances these purported registration records in the offices of the election boards had not been completely corrected and revised for several years. The method followed in checking these election board records lends little authenticity to the results obtained. A variance in the initials or given name of a pamphlet signer from the initials or given name appearing on the election board records was the basis for many challenges.

The Referee concluded that the evidence to sustain this ground of protest was inconclusive and entirely insufficient to show a failure to register by the signers challenged, and we approve and adopt this conclusion. (In re Initiative Petition No. 142, 176 Okla. 155, 55 P. 2d 455; Referendum Petition No. 73, 183 Okla. 355, 82 P. 2d 1017.)

At the request of protestant the Referee made, and included in his report, 12 findings of fact, the first nine of which are summaries of the facts relating to alleged defects in the circulation and signing of petitions. Some of the defects covered by these findings are substantial while others are merely clerical or technical. These are the alleged defects on which the Referee based his conclusion of law that 18,001 signatures to the petition should be excluded as invalid. Since we have already reviewed and considered these alleged defects and have approved and adopted the conclusions of law made by the Referee thereupon, it is unnecessary to further consider them here.

Requested finding No. 10 relates to certain irregularities shown to exist in the verification of numerous pamphlets. These irregularities appear to be principally technical defects subject to amendment. For instance, on 49 pamphlets the notary public failed to sign his name to the certificate, but his seal bearing his name was attached thereto; that on 19 pamphlets the notary public failed to give his post-office address; that on 17 pamphlets the notary public failed to attach his seal to the certificate; that in 22 pamphlets the notary public failed to state the date of expiration of his commission; that in 24 pamphlets the dates of verification are not shown; that on 272 pamphlets the notaries public who gave their post office addresses as Oklahoma City failed to state their street addresses; that on 139 pamphlets the identity of the circulator is not shown in the body of the certificate, but in all of these instances the notaries certified that such certificates were subscribed and sworn to before them.

We think that all of these enumerated defects are within the rule announced by this court that mere clerical or technical defects are to be disregarded in the absence of fraudulent intent or guilty knowledge, and that they are insufficient on which to base a successful challenge of the signatures on such pamphlets.

436

Requested finding No. 11 relates to challenges made against numerous pamphlets on the ground that the circulators of such pamphlets did not appear in person before the notaries public who certified to the verification. This finding is qualified by the Referee by his statement that he found no evidence to support such challenges except as to 54 pamphlets containing 1,000 signatures.

As to these 54 pamphlets the proof shows that they were purportedly verified before H. G. George, a notary public. Numerous other pamphlets were verified before the same notary public, but as to these 54 pamphlets he testified to a recollection that the circulators of these 54 pamphlets did not personally appear before him and sign and swear to the correctness of the certificate.

Upon the whole evidence the Referee found the showing made was not sufficient to sustain the ground of protest. The question presented is whether this finding is contrary to the weight of the evidence. We find it unnecessary to discuss the details of the evidence or to decide the exact question presented, since a contrary conclusion would not exclude enough names to change the ultimate results, or to affect the sufficiency of the initiative petitions.

Requested finding No. 12 challenges numerous pamphlets on the ground that the notaries before whom the verifications were made were disqualified to act. The basis of this protest is that the notaries placing their certificates on such pamphlets were employees in the offices of county or city school superintendents. In Re State Question No. 236, Referendum Petition No. 73, 183 Okla. 355, 82 P. 2d 1017, this court in the first paragraph of the syllabus said:

"The notaries public swearing the circulators of a referendum petition to the affidavits required are not disqualified to act as such notaries in the absence of a showing that they have a direct pecuniary or beneficial interest."

We have been unable to find any substantial evidence to support any challenge made by protestant which would increase the number of invalid signatures on these petitions beyond the 18,001 found by the Referee to be invalid. As found by the Referee the deduction of 18,001 signatures from the petition leaves 158,626 valid signatures or 50,231 more than necessary to sustain the petitions. We, therefore, approve and adopt this finding of the Referee and the challenges, other than those sustained by the Referee, are in all things denied.