2008 OK CIV APP 86

**JOHNSON CONTROLS/YORK INTERNATIONAL, and American International South, Petitioners,**

v.

**Phillip Dale KIZER, and The Workers' Compensation Court, Respondents.**

**No. 105,600.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 12, 2008.

Janet Dech Stanley, McGivern, Gilliard & Curthoys, Tulsa, OK, for Petitioners.

John Kord Hammert, Oklahoma City, OK, for Respondents.

CAROL M. HANSEN, Judge.

¶ 1 In this Workers' Compensation Court (WCC) action, Respondent, Phillip Dale Kiz-er (Claimant), filed his Form 3, *Employee's First Notice of Accidental Injury and Claim for Compensation*, on October 20, 2006. Claimant alleged he sustained cumulative trauma injuries to his back and right knee while employed by Petitioner, Johnson Controls/York International (Employer). He further alleged his date of first awareness of the injuries was in April 2005 and that the date of last exposure to the injury inducing trauma was July 6, 2006. The latter date was the day Claimant was put on disability by Employer.

¶ 2 In its *Answer*, Employer generally denied Claimant had sustained injuries arising out of and in the course of his employment. Employer also specifically asserted Claimant failed to make timely notification of his injuries and raised affirmative defenses of prior injury and "pre-existing conditions." At trial on October 10, 2007, Claimant asked the trial court to find him temporarily and totally disabled (TTD) from July 6, 2006 to February 26, 2007, and permanently partially disabled (PPD) as a result of his back and right knee injuries. Employer reiterated its denial that Claimant sustained injuries arising out of and in the course of his employment, more specifically denying Claimant's work duties were the major cause of any condition he may have to his back or right knee. Alternatively, Employer asserted if Claimant's injuries were found to be compensable, he should not be entitled to TTD because "he drew both short-term disability and long-term disability for the entire period requested."

¶ 3 On October 23, 2007, the trial court filed its *Order Awarding Permanent Partial Disability Benefits*.[1] In that order, the trial court found Claimant had sustained compensable injuries to his back and right knee, with the date of last injurious exposure being July 6, 2006. The court awarded PPD compensation for both the back and right knee injuries and directed Employer to provide Claimant with reasonable and necessary medical care.

1. The order contains an obvious scrivener's error where it states the hearing was on October 10, 2006, when the record clearly shows it was actually held on October 10, 2007. Such error is harmless and does not affect the outcome of this review. *See, Clawson v. State ex rel. Dept. of Public Safety*, 2007 OK CIV APP 89, 168 P.3d 258.

¶4 On October 26, 2007, the trial court filed a *Supplemental Order.* This order, which references the October 10, 2007 hearing, as does the earlier order, finds Claimant was TTD from July 9, 2006 to February 26, 2007, and awards TTD compensation. The October 26th order also includes a finding "[that] the claimant was receiving short term disability and long term disability during this time," but makes no other finding or determination concerning the disability payments.

¶5 Employer filed its appeal to the WCC *en banc* on November 1, 2007. The appeal referenced both the October 23rd and October 26th orders. Employer asserted those portions of the orders finding compensable injuries and making awards were "against the clear weight of the evidence as shown by the testimony at time of trial and are contrary to law, in that the evidence does not support finding of an injury, nor the award of Medical Treatment, Temporary Total Disability benefits or Permanent Partial Disability benefits." Employer made no other assertions of trial court error.

¶6 A three-judge panel of the WCC *en banc,* on February 4, 2008, entered its *Order on Appeal Affirming the Decision of the Trial Court.* The three-judge panel unanimously found "that the order of the Trial Judge heretofore entered in this case on OCTOBER 23, 2007, was not against the clear weight of the evidence nor contrary to law and the same is hereby AFFIRMED." (Emphasis in original.) There was no mention of the October 26th trial court order in the three-judge panel order, nor was there any mention of TTD or Claimant having received disability payments during the TTD period. Employer now seeks our review of the WCC order.

¶7 Employer raises, and we must determine as a threshold issue, the effect of the three-judge panel's order. The October 26th *Supplemental Order* makes no mention of the October 23rd order, nor does it contain any explanation why the findings contained therein were not part of the earlier order. There is no incorporation by reference into the earlier order. The October 26th order is not a *nunc pro tunc* order "because it addressed an unadjudicated but litigated issue

which was not final, rather than correcting the [October 23rd] order to reflect an inaccurately recorded ruling." *Oklahoma Gas & Elec. Co. v. Chronister,* 2005 OK CIV APP 32, 114 P.3d 455.

¶8 In the absence of other explanation by the trial court as to the reason for the two orders, we are left to conclude the trial court merely overlooked the TTD question when it issued the October 23rd order and issued the October 26th order to resolve all the matters which had been litigated at the October 10th hearing. To do this, the trial court issued the second, but separate, order. While the determinations were made from evidence presented at the same hearing, there is nothing in the record from which we can conclude the October 26th should be deemed part of the October 23rd order.

¶9 Employer expressly appealed portions of *both* orders to the three-judge panel. The three-judge panel affirmed *only* the October 23rd order, without any reference to the October 26th order. Therefore, the October 26th order awarding TTD compensation remains pending before the three-judge panel and is not ripe for our review. We will thus restrict our review to the matters decided by the October 23rd order and affirmed by the three-judge panel.

¶10 Employer contends the WCC's order finding Claimant's injuries compensable and awarding PPD benefits and medical treatment is not supported by competent evidence. "Whether disability results from an accidental injury, or from a pre-existing disease or prior injury is a fact question for determination by the [WCC]." *Davis v. Southwestern Bell Telephone,* 2006 OK 48, 139 P.3d 892. "Only in the absence of any competent evidence may the decision be viewed as erroneous as a matter of law and hence subject to vacation." *Id.,* at 895.

¶11 Employer asserts the WCC's finding of compensability should be vacated because there is a rebuttable presumption, in accordance with 85 O.S.2001 § 24.2(A), that injury caused by cumulative trauma does not arise out of and in the course of employment unless "oral or written notice is given by the employee to the employer within ninety (90)

days of the employee's separation from employment." Section 24.2(A) provides such presumption must be overcome by a preponderance of the evidence.

¶ 12 Employer's assertion has no merit for two reasons. First, there is no evidence Claimant was "separated from employment" at the time he filed his Form 3 on October 20, 2006. In early July 2006, Claimant was called into Employer's human resources department because Employer had received a call from Claimant's physician to the effect that Claimant may have an employment related impairment. Claimant was sent by Employer for a functional capacity evaluation to see if he could physically perform functions necessary to carry out his duties. The evaluation determined he could not perform the necessary functions. Employer then put Claimant on disability provided by it until he went to work for another employer in February 2007.

¶ 13 There is no evidence that Claimant was, as set forth in § 24.2(A), "separated" from his employment relationship during the time Employer was providing him with disability payments. Because Employer seeks to impose the presumption, it had the burden to prove the necessary facts. It did not do so.

¶ 14 Secondly, Claimant testified that when he was called in to discuss his physician's telephone call to Employer, he was asked if his physical problems were work related and he said, "I feel like that it was." There is then some evidence Claimant put Employer on oral notice of a possible claim even before he was placed on disability.

¶ 15 Finally, even if the § 24.2(A) presumption was applicable, the WCC, in effect, found Claimant had rebutted the presumption and its determination is supported by competent evidence. As explained by the Supreme Court in *Davis v. Southwestern Bell Telephone,* 139 P.3d at 895—"Rebutting the presumption in § 24.2(A), however, does not place any additional burden on the claimant seeking to prove a workers' compensation claim. Any claimant seeking to recover under the Workers' Compensation Act is required to prove, by a preponderance of the evidence, that the injury is work related."

Here, in finding Claimant's injuries were compensable, the WCC had to do so by a preponderance of the evidence and the presumption would have been found rebutted. Competent evidence supports that finding.

¶ 16 Claimant testified his job duties for Employer required the repetitive task of lifting coils weighing approximately 22 pounds three times during the work being done on each coil. He would have to stoop to pick up each coil. Claimant's testimony, and that of his supervisor, establishes Claimant processed 75–125 coils a day. Claimant testified he first noticed his back hurting while performing these functions, and later noticed the knee problem. He did not advise Employer at that time because he was concerned about losing his job, and for the same reason obtained medical treatment under his health insurance and not Workers' compensation. Claimant testified, "I had seen things degenerate at York, and people that complained about health problems, they were no longer there." Claimant acknowledged he had previous back problems, including surgery, but said after the surgery in 1996 he was able to perform his duties without problems.

¶ 17 Claimant also introduced the report of Dr. E., his medical expert. Dr. E. noted Claimant's previous back problems and other medical history, but opined there was objective medical evidence that Claimant's employment was the major and predominate cause of his back and knee problems. He further opined [1] Claimant's injuries would "continue to result in a permanent anatomical abnormality for a long or indefinite period of time," and [2] Claimant's ability to earn wages at the same level as before had been permanently impaired. Dr. E. stated Claimant would need medical treatment, including prescriptions, consultation with a surgeon for his back and an MRI for his knee.

¶ 18 Claimant's testimony, and that of Dr. E., support the WCC's findings that Claimant's injuries arose out of and in the course of his employment, that he is PPD, and that he will require future medical treatment. In its brief, Employer sets forth its evidence, which, if believed, could show Claimant's injuries were not compensable.

However, it is the WCC's duty, not ours, to weigh the evidence, determine credibility of witnesses and draw reasonable conclusions from their testimony. *Hackley v. Dalles Nursing Home,* 1962 OK 140, 372 P.2d 586. The trial court can refuse credence to any portion of the testimony deemed unworthy of belief and can rely in part on Claimant's evidence and in part on Employer's evidence, or accept part of one witness's testimony while rejecting other parts. *TRW/Reda Pump v. Brewington,* 1992 OK 31, 829 P.2d 15. It is our duty to merely canvas the evidence to determine if the WCC's findings are supported by competent evidence. *Parks v. Norman Mun. Hosp.,* 1984 OK 53, 684 P.2d 548.

¶19 Therefore, the WCC's order of October 23, 2007 is SUSTAINED. That is the only order which is properly before us for our review. Any consideration of the order of October 26, 2007, must await the determination of the three-judge panel where that order is now pending.

ADAMS, P.J., and JOPLIN, J., concur.